FILED
CLERK U.S DISTRICT COURT
AUG - 6 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                 Plaintiff,<br><br>    vs.<br><br>RHEUBENA JACKSON, et al.,<br><br>                 Defendants. | CASE NO. CV 12-6550 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

    On July 30, 2012, Tim Brown, who asserts that he is a defendant and cross-plaintiff in what appears to be a routine unlawful detainer action in California state court,[1] lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover, because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

---

    [1]    Mr. Brown is not named as a defendant in the complaint he seeks to remove, and there is no evidence before the Court establishing that he is a party to that state court lawsuit.

There is no basis for concluding that this unlawful detainer action could have been brought in federal court in the first place, in that Mr. Brown does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). The amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint expressly alleges that the amount demanded does "not exceed $10,000." Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 300 East Walnut Street, Pasadena, CA 91101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 8/2/2012

AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE